TüRley, J.
delivered the opinion of the court.
On the 25th day of January, 1839, Wm. McNew purchased of the defendant, Polly Walker, the one-half of two tracts of land, lying in the county of Claiborne, for which he gave the sum of $1500; five hundred dollars of which was paid at the *187 time, and his two notes for $500 each executed for the balance. A deed of conveyance in fee simple with general warranty, purporting to be for the consideration of $1000 in hand paid, was taken by the testator, McNew, from the defendant, Polly, under which he entered into possession of the premises, which he retained till his death; and which still remains with his heirs at law without interruption. Polly Walker claims the land under the last will and testament of her deceased husband, James Walker, which gives her a life estate only in the premises. This was known by both vendor and vendee at the time the deed of bargain and sale was executed. Vendee paid one of the notes for $500 in his life time, the other remains unpaid; and this bill is filed by the complainant, to enjoin its collection, to. rescind the contract, and for a repayment of the $500 already paid upon the ground, that the defendant, Polly Walker, has no such title to the land as she undertook to convey. This relief cannot be granted, upon well settled principles. Chancellor Kent says in the 2d vol. of his Commentaries, 471, “If there be no ingredient of fraud, and the purchaser is not evicted, the insufficiency of the title is no ground for relief against a security for the purchase money, or for rescinding the purchase and claiming a restitution of-the money. The party is remitted to his remedies at law on his covenants to insure the title.” The case of Abbot vs. Allen, 2d John. Ch. Rep. 519, is precisely similar to the one under consideration. There it was held, “that a purchaser of land, who has paid part of the purchase money, and given a bond and mortgage for the residue, and is in the undisturbed possession, will not be relieved against the payment of the bond, or proceedings on the mortgage on the mere ground of a defect of title, there being no allegation of fraud in the sale, nor any eviction, but must seek his remedy at law on the covenants in his deed.” The chancellor in delivering his opinion says, “If there be no fraud in the case, the purchaser must resort to his covenants if he apprehend a failure or defect o'f title and wishes relief before eviction. This is not an appropriate tribunal for the trial of titles to land; it would lead to the greatest' inconvenience, and perhaps abuse, if a purchaser in the actual enjoyment of land, and when no third *188 persons asserts, or takes measures to assert a hostile claim can be permitted, on suggestion of a defect or failure of title, and on the principle of quia timet to stop the payment of the purchase money, and of all proceedings to recover it. Can this court proceed to try the validity of an outstanding claim in the absence of the party in whom it is supposed to reside, or must he be brought into court against his will to assert or renounce a title, which he never asserted, and perhaps never thought of? I apprehend there is no such practice or doctrine in this court; and that a previous eviction or trial at law, is as a general rule indispensable.” See 2d John. Ch. Rep. 519, 5th Conn. 528, and Martin’s Louis. Rep. 235, to the same purpose. In the case of Hiem vs. Mill, 13th Vesey, 114, Lord Chancellor Eldon observed, “that possession of land was no criterion of title, and that no person, in his senses, would take an offer of a purchase from a man, merely because he stood upon the ground. The purchaser must look to his title; and if he did not, it would be crassa neglegentia. I know of no'case in which this court has relieved the purchaser when there was no fraud and no eviction. All the cases that I have looked into, proceed on the ground of a failure of the title duly ascertained.” In the case of Edwards vs. McCay, Cooper’s Eq. Rep. 308, the relief was granted upon the ground of fraud and imposition charged and proved, and the Master of the Rolls in answer to the objection, that plaintiff was premature, as he had not yet been evicted, and perhaps might never be, put the case on the ground of the fraud. It is useless to multiply decisions on this point, though it might be easily done. There is no. fraud or imposition charged or proven in the case under consideration, but the reverse is directly established.
The decree of the chancellor dismissing the bill was, therefore, correct, and will be affirmed,